## IN THE CIRCUIT COURT FOR HARFORD COUNTY, MARYLAND

| | |
|---|---|
| **CHICAGO TITLE INSURANCE COMPANY** <br> c/o Fidelity National Law Group <br> 8484 Westpark Drive, Suite 310 <br> McLean, VA 22102 <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA ACTING BY AND THROUGH THE SECRETARY OF THE ARMY** <br> 101 Army Pentagon <br> Washington, DC 20310 <br><br> Serve: Christine Wormuth <br> Secretary of the Army <br> 101 Army Pentagon <br> Washington, DC 20310 <br><br> Serve: Lloyd J. Austin III <br> Secretary of Defense <br> 1000 Defense Pentagon <br> Washington, DC 20301 <br><br> Serve: Erek L. Barron <br> U.S. Attorney for the District of Maryland <br> 36 S. Charles Street 4th Fl. <br> Baltimore, MD 21201 <br><br> **GATE APG LLC** <br> c/o **ST. JOHN PROPERTIES, INC.** <br> 2560 Lord Baltimore Dr. <br> Baltimore, MD 21244 <br> Serve: Richard E. Levine, Esq. <br> 6225 Smith Ave. <br> Baltimore, MD 21209 <br><br> Serve: Lawrence Maykrantz <br> 2560 Lord Baltimore Dr. <br> Baltimore, MD 21244 <br><br> Defendants | Case No. C-12-CV-24-000174 _____ |

## COMPLAINT FOR INTERPLEADER

Plaintiff, CHICAGO TITLE INSURANCE COMPANY, (the "Chicago Title") by counsel, for its Complaint for Interpleader against Defendants UNITED STATES OF AMERICA ACTING BY AND THROUGH THE SECRETARY OF THE ARMY, and GATE APG, LLC C/O ST. JOHN PROPERTIES, INC. (collectively, the "Defendants"), states as follows:

## PARTIES

1.      Chicago Title is a Florida entity acting as an escrow agent in possession of certain escrow funds pursuant to an agreement between the Defendants.

2.      United States of America acting by and through the Secretary of the Army ("Secretary of the Army") is a federal agency and a party to the contract involving the subject escrow funds.

3.      Gate APG LLC c/o St. John Properties Inc., is a Maryland entity, that, upon information and belief, is the assignee of Opus East, LLC to the contract involving the subject escrow funds.

## JURISDICTION AND VENUE

4.      The Court has personal jurisdiction over the Defendants under Md. Code Ann., Cts. & Jud. Proc. Art. § 6-102 and § 6-103(a).

5.      Venue is appropriate under Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) because this action arises out of business carried on with respect to real estate located in Harford County, Maryland.

6.      A justiciable controversy exists among the parties regarding the disposition of a certain contractual deposit balance currently held in escrow by Chicago Title.

## FACTS

7. This is an action in interpleader by Chicago Title pursuant to Maryland Rule 2-221(a), for a discharge of its liability with respect to a $350,000.00 initial deposit being held by Chicago Title in escrow (the "Escrow Funds")[1], pursuant to a Lane Improvements Agreement dated November 28, 2007, and Escrow Agreement for Lot 1 and Lot 2, dated November 28, 2007 (collectively, the "Escrow Agreement") by and between the Defendants. A copy of the Escrow Agreement is attached hereto as **Exhibit A**.

8. In accordance with Section 8 of the Escrow Agreement, in the event of a dispute between the parties to the Escrow Agreement regarding the disposition of the Escrow Funds, Chicago Title shall be entitled to tender the funds in the custody of the court, and thereupon be discharged from all further duties and liabilities under the Escrow Agreement.

9. In May 2022, after a long period of having had no contact with the Defendants regarding the Escrow Funds, Chicago Title requested that the Defendants provide joint instructions to disburse the funds.

10. Despite multiple requests for joint instructions, no instructions were provided by the parties to the Escrow Agreements. Copies of email correspondence requesting the instructions are attached hereto as **Exhibit B**.

11. On November 21, 2022, Chicago Title sent another letter advising that if the joint instructions were not provided by December 2, 2022, an interpleader would be filed. A copy of the letter is attached hereto as **Exhibit C**.

12. To date, Chicago Title has not received joint instructions for the disbursement of the Escrow Funds.

---

[1] The current balance of the Escrow Funds totals in excess of $360,000.00.

13. Consistent with the Escrow Agreement, Chicago Title is entitled to tender the Escrow Funds into court custody and be discharged from all further duties and liabilities under the Escrow Agreement.

14. To date the Defendants have not been able to agree on the disposition of the Escrow Funds and have failed to respond to Chicago Title's repeated requests for mutual instructions.

## COUNT I
## INTERPLEADER

15. Chicago Title incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

16. Pursuant to the Escrow Agreement, Chicago Title intends to tender into the Court the full balance of the Escrow Funds.

17. Chicago Title has no claim to the Escrow Funds and has no stake in how the Court decides to distribute these funds between the Defendants.

18. Chicago Title seeks to be discharged from any further duties or obligations in connection with the Escrow Agreement or the Escrow Funds.

WHEREFORE, Chicago Title respectfully requests the Court to enter an Order as follows:

a. Directing Chicago Title to tender the full balance of the Escrow Funds into the court's registry; and

b. Upon such deposit, discharging Chicago Title from any further duties or liability in connection with the Escrow Agreement or the Escrow Funds; and

c. Restraining the Defendants from instituting any action against Chicago Title in connection with the Escrow Agreement or the Escrow Funds.

Respectfully Submitted,

**CHICAGO TITLE INSURANCE COMPANY**

By Counsel

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National Financial

By:     /s/ Yona Cohen
        Yona Cohen
        AIS No.: 0512150188
        8484 Westpark Drive, Suite 310
        McLean, VA 22102
        T: 703-245-0285
        F: 703-821-1618
        Yona.Cohen@fnf.com
        *Counsel for Plaintiff*

Case 1:24-cv-00973-RDB   Document 4   Filed 04/03/24   Page 6 of 6

E-FILED; Harford Circuit Court
Docket: 2/29/2024 11:35 AM; Submission: 2/29/2024 11:35 AM
Envelope: 15588572
C-12-CV-24-000174

## CERTIFICATION UNDER RULE 1-313

In accordance with Md. R. 1-313, I certify that I am admitted to practice law in the State of Maryland.

_____
Yona E. Cohen